### PEAKE v. N. L. SANSBURY CO., Inc.

(Court of Appeals of District of Columbia. Submitted April 6, 1922, Decided June 5, 1922. Motion for Rehearing Denied June 23, 1922.)

No. 3731.

1. **Appeal and error** ⟜1039(1)—**Disregard of defective plea in abatement in entering summary judgment does not prejudice defendant.**

Defendant cannot have reversal of a judgment entered for insufficiency of the affidavit of defense, on the ground that issue had been joined on a plea in abatement, where the plea in abatement was itself insufficient.

2. **Abatement and revival** ⟜8(2)—**Action to recover possession from tenant on notice to quit is not same as to recover rent.**

A previous action by a landlord against his tenant to recover possession after notice to quit, which did not comply with the Ball Rent Act, was not for the same cause of action as a subsequent action to recover possession for the tenant's failure to pay rent for more than three months and to recover the overdue rent, since the evidence which would support recovery in one case would not in the other, and therefore a plea in abatement, alleging the pendency of the prior action, was insufficient.

Appeal from the Supreme Court of the District of Columbia.

Action by the N. L. Sansbury Company, Inc., against John W. Peake, to recover possession of premises and the past-due rent therefor. Judgment for plaintiff in the Supreme Court of the District, on appeal from the municipal court, and defendant appeals. Affirmed.

Victor H. Wallace, of Washington, D. C., for appellant.

George C. Gertman and J. Wilmer Latimer, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District, for want of a sufficient affidavit of defense under law rule 19 of that court.

Since March of 1918 appellant has occupied an apartment in the Huntington apartment house, under a written agreement to pay $45 per month rental to the appellee, but has paid no rent since July of 1920. In its brief appellee frankly states that it—

"is now and always has been willing that he [appellant] should continue in the occupancy of the apartment, if he would pay the accrued rents as fixed in their agreement."

On November 6, 1920, appellee filed suit in the municipal court for possession of the premises, based upon a 30 days' notice to quit; its theory being that the Ball Rent Law (41 Stat. 297) was unconstitutional. That law subsequently having been declared constitutional, the suit,

of course, was abortive. On November 11, 1920, the present suit was filed in the municipal court for possession because of default in the payment of rent for the three preceding months, and for this unpaid rent. Judgment for possession and rent followed, and an appeal was taken to the Supreme Court of the District, where appellee filed an affidavit under rule 19. To this affidavit appellant filed a plea in abatement, based upon the prior suit and supported by a so-called affidavit of defense, in which the same facts were relied upon. Appellee then moved for summary judgment, but, before hearing upon this motion, obtained leave of court to withdraw it without prejudice and filed a replication, to which a demurrer was interposed. This demurrer being overruled, issue was joined. Thereupon appellee renewed its motion for judgment, and the same was granted.

[1] It is appellant's contention that, a plea in abatement having been filed and issue joined, it was error for the court to enter summary judgment under rule 19. It hardly will be disputed that, if the facts upon which the plea in abatement was based were legally insufficient, appellant suffered no prejudice through the court's action. The elementary principle which governs the availability of the plea of "other suit pending" was thus stated in Watson v. Jones, 80 U. S. (13 Wall.) 715, 20 L. Ed. 666:

"When the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or at least such as represent the same interests; there must be the same rights asserted, and the same relief prayed for. The relief must be founded upon the same facts, and the title, or essential basis of the relief sought must be the same."

In the Haytian Republic, 154 U. S. 118, 125, 14 Sup. Ct. 992, 994 (38 L. Ed. 930), the court said:

"One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other."

And in Union Central L. Ins. Co. v. Drake, 214 Fed. 536, 131 C. C. A. 82, the court thus expressed the rule:

"The true test of the identity of causes of action is the identity of the facts essential to their maintenance."

The foregoing authorities clearly support the trial court's conclusion that—

"A judgment in the prior action would not be conclusive in this action, for clearly, if judgment should go for the defendant in the prior action, say because the notice to quit was defective, and subsequently the plaintiff should bring an action based on the failure to pay rent, plaintiff would succeed, notwithstanding the judgment, because the evidence in support of this action could not have been offered in the prior action as a ground for recovering possession."

The first action, as already pointed out, was based solely upon what proved to be an abortive notice to quit, while the second was based upon failure to pay rent. It is obvious, therefore, that the evidence necessary to prove one cause of action would not establish the other.

Inasmuch as the affidavit of defense is based upon the same facts as relied upon in the plea in abatement, the court committed no error in holding that affidavit legally insufficient.

Judgment affirmed, with costs.

Affirmed.